Burks, J.,
delivered the opinion of the court.
On the 10th day of May 1869, the plaintiff’s wife handed to the defendant what was claimed to be a thousand dollar National Bank note, she representing' that her little son had found it, and offering to pay the defendant one hundred or one hundred and fifty dollars if he would find out whether the note was good. *The defendant declining to make any charge, took the note and put it into his iron safe in his store-house for safe-keeping. Within a few days afterwards, according to the statement of the defendant, his store-house was broken into, the safe forced open, and the note, together with several hundred dollars of the,,, plaintiff’s own money in the safe was stolen, and never recovered. Suit was brought by the plaintiff in the corporation court of the city of Alexandria to recover the amount of the note from the defendant, and on the trial verdict and judgment, were rendered for the defendant, to which judgment a writ of supersedeas was awarded the plaintiff by one of the judges of this court.
At the trial both plaintiff and defendant prayed instructions to the jury. Those asked by the defendant were given, and those asked by the plaintiff were refused, and the plaintiff excepted. The plaintiff also moved *193 the court to set aside the verdict of the jury and grant him a new trial, on the ground that the instructions given were erroneous. The motion was overruled, and the plaintiff again excepted.
It appears Irom the bills of exceptions that the plaintiff’s recovery was resisted mainly on two grounds : First, that the title of the plaintiff, acquired by the finding, which was communicated to the defendant at the time the note was delivered to him, was not sufficient to support the action; second, that the note was stolen from the possession of the defendant without negligence on his part.
Tf the owner of a personal chattel voluntarily and wholly abandons it, intending not to reclaim it, the first occupant acquires an absolute right to it. If, however, he merely loses it accidently, he does not part with his title, and the finder becomes a quasi depositary, invested with such possessory interest as will ’-entitle him to hold it against all the world except the rightful owner. This rule of law has never been seriously questioned since the leading case of Armory v. Delamirie, reported in 1 Strange 504 (see 1 Smith’s Read Cases, part 1, side p. 471, and notes).
It is contended, however, that the rule is limited to the finding of a personal chattel, and has no application to choses in action; and in support of this proposition we are referred to the case of McLaughlin v. Waite, 9 Cow. R. 670, affirmed (with much dissension) in 5 Wend. R. 404.
The reasoning of the distinguished chancellor (Walworth) in the case last named is somewhat subtle and not very satisfactory: but if his conclusion is sound, that negotiable notes, bankers’ checks and lottery tickets, payable to the holder, are not within the operation of the rule, still it by no means follows that current bank notes, convertible at par info money, are not subject to the rule. The finder of money, we apprehend, would acquire by the finding the same title to it that the chimney sweeper’s boy in the leading case acquired to the jewel which he found, and which he was permitted to recover in an action against a wrongdoer.
Bank notes are not money in a strict sense. They are not a lawful tender in discharge of debts and obligations solvable in money; but for most purposes in the transaction of business, and by common consent, they are considered and treated as money. “They are not esteemed.” says Rord Mansfield, “as goods, securities, or documents of debt; but are looked on as money, as cash, in the ordinary course and transaction of business, by the general consent of mankind; which gives them the credit and currency of money to all intents and purposes.” They are as much money as guineas ’-themselves are, or as any other current coin that is used as money or cash. Miller v. Race, 1 Bur. R. 452, 457.
Such being their character, we can see no good reason why the finder of a bank note of a solvent institution does not acquire by the finding the same title as the finder of a personal chattel, and why he is not entitled to the same remedies against third parties.
That his title and remedies are the same, notwithstanding what is said by the Chancellor in McLaughlin v. Waite, supra, would seem deducible from the case of Bridges v. Hawkesworth, 7 Eng. R. & Eq. R. 424. The plaintiff in that case having picked up from the floor of the shop of the defendant a parcel containing bank-notes, handed them over to the defendant to keep till the owner should claim them. They were advertised by the defendant, but no one appearing to claim them, and three years having elapsed, the plaintiff requested the defendant to return them, tendering the costs of the advertisements, and offering an indemnity. The defendant having refused to return them, it was decided that the plaintiff was entitled to the notes as against the defendants. The recent case (1874) New York & Harlem R. Road Co. v. Haws & al., 56 N. Y. R. 175, though not directly to the point, is suggestive.
Now, if the reasoning of Chancellor Walworth in the case cited from 5 Wend., supra, justly applies to bank notes, then the plaintiff was not entitled to recover in the case of Bridges v. Hawkesworth, supra. It is true, that in the last-named case indemnity was offered to the defendant before action brought; but it would seem that was necessary in that case because the notes were deposited by the finder with the defendant “to keep until the owner appeared to claim them." It is so expressly stated; and the defendant hav ing, by ’-the terms of the bailment and the advertisements, come under obligation to the owner, it was but just and reasonable that before he should be required to return the notes to the finder he should be indemnified against the liability he had incurred to the owner, should he after-wards appear and establish his right. There would seem to have been no necessity for the indemnity but for the undertaking of the bailee by his contract of bailment and by his advertisements, to account to the owner for the notes if he should appear.
As a general rule, the bailee is not allowed to dispute the title of his bailor, and we see no good reason why the depositary of a lost bank note, as between himself and the finder, should be an exception to this rule, where the owner is unknown and there is no assertion of claim on his part against the depositary. To permit the latter, under such circumstances, against his contract of bailment, to withhold the note from the finder, and if the owner never appears, to appropriate it to his own use, would be to protect him in his fraud and dishonesty — a thing not to be tolerated, much less sanctioned, in any court of justice.
The defendant being a mere depositary of the note, a bailee without reward, holding the note only for the benefit and accommodation of the plaintiff, he was not bound to use as great care and diligence in the custody of the note as if he had been a bailee with compensation, and therefore it the note was stolen from his posses *194 sion he was not accountable for it unless the loss was the result of gross negligence on his part.
The first instruction given to the jury on the motion of the defendant, and the two instructions prayed by the plaintiff, and refused by the court are in conflict with our views of the law hereinbefore expressed. *The second and third instructions given seem free from error. . The court is therfore of opinion, that while the corporation court of the city of Alexandria did not err in giving-the second and third instructions as prayed by the defendant, nor in rejecting the instructions prayed by the plaintiff, yet the said court committed an essential error in giving the-first instruction asked for by the defendant: and for this error the judgment of the corporation court must be reversed and annulled, the verdict of the jury set aside and a new trial ordered.
The judgment was as follows:
This day came again the parties by their counsel, and the court having maturely considered the transcript of the record of the judgment aforesaid and the arguments of counsel, is of opinion, for reasons stated in writing and filed with the record, that the finder of a bank note, as against a bailee without reward, to whom he delivers it, to be kept for such finder, has such possessory interest in the note as entitles him to recover the same of said bailee on his refusal to re-deliver it to the finder on request and in the absence of any claim of the rightful owner made known by him to such bailee; and such bailee is not bound to use as great care and diligence in the keeping of. said note as he would be if he were a bailee with compensation, and if the note were stolen from his ¡possession he would not be liable for it unless the loss was the result of gross negligence on his part; and the court is further of opinion, that while the said corporation court did not err in giving the second and third instructions to the jury prayed by the defendant in *error, nor in refusing to give the two instructions prayed by the plaintiff in error, yet the said court did err. in giving the first instruction asked for by the defendant in error, and further erred in overruling the motion of the plaintiff for a new trial; it is therefore considered by the court that the said judgment be reversed and annulled, and that the defendant in error pay to the plaintiff in error his costs by him expended in the prosecution of his said writ of supersedeas here; and this court proceeding to render such judgment as the said corporation court ought to have rendered, it is further consider that the verdict of the jury be set aside,'and a new trial of the issues in the cause be granted, and upon such trial the said corporation court, in the giving or refusing of instructions to the jury, shall.be governed by the opinion and principles herein expressed; and this cause is remanded to the said corporation court for further proceedings to be had therein in conformity with the' directions herein contained: which is ordered to be certified to the said corporation court of the city of Alexandria.
Judgment reversed.